UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 26-00903 |
| Firehouse Grill Inc.   ) | |
| ) | Hon. Michael B. Slade |
| Debtor/Debtor-in-Possession.   ) | |
| ) | Chapter 11 |

### NOTICE OF AMENDED EMERGENCY MOTION

TO:    ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 26th day of January 2026 at 9:30 a.m, I will appear before the Honorable Michael B. Slade, Bankruptcy Judge, or any judge sitting in that judge's place, either in Courtroom No. 642, 219 South Dearborn, Chicago, Illinois 60604, or electronically as described below, and present the **Amended Emergency Motion of Firehouse Grill Inc, for Authority to Use Cash Collateral and for Related Relief**, a copy of which is attached.

**IMPORTANT:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet:** go to this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

**To appear by telephone,** call Zoom for Government at **1-669-254-5252 Or 1-646-828-7666**. Then enter the meeting ID and password. Meeting ID and passcode.

**Meeting ID and Passcode**. The meeting ID for this hearing is**: 160 817 7512** and the passcode **is 623389**.  Additional information can be found on Judge Slade's webpage on the court's website: www.ilnb.uscourts.gov/content/judge-michael-b-slade.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: /s/ Scott R. Clar
Crane, Simon, Clar & Goodman
135 S. LaSalle St., # 3950
Chicago, Illinois 60603
(312) 641-6777
sclar@cranesimon.com

-1-

## **CERTIFICATE OF SERVICE**

      The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Amended Emergency Motion to be served on all parties listed on the attached Service List via the Court's Electronic Registration/U.S. Mail/email/Federal Express (as indicated) on the 22nd day of January 2026.

                                                       /s/Scott R. Clar

**SERVICE LIST**

**Court's Electronic Registration**:
Adam G. Brief    Ustpregion11.es.ecf@usdoj.gov

Matthew Brash
mbrash@newpointadvisors.us

Shanna M. Kaminski
skaminski@kaminskilawpllc.com

**Via Email**

Small Business Administration c/o Sinha, Devvrat (USAILN)
 <Devvrat.Sinha@usdoj.gov>

Newtek Bank
digitalbanking@newtekone.com

American Express
PO Box 981535
El Paso, TX 79998-1535
Zaidi.rivera@aexp.com

ComEd
2 Lincoln Center
Oakbrook Terrace, IL 60181
legalcollections@comed.com

Ecolab Pest Elimination Division
1 Ecolab Place
Saint Paul, MN 55102
**PestCreditNotices@ecolab.com**

Fundkite
88 Pine St.
New York, NY 10005
Justin.v@fundkite.com

Greco and Sons
1500 Hecht Drive
Bartlett, IL 60103
Palomar, Miriam 630
<mpalomar@grecoandsons.com>

**Via Federal Express**

Bank of America,
Personnel Operations Center
NC1-021-02-12,
401 N Tryon St
Charlotte, NC 28255

Headway Capital, LLC
4700 W. Daybreak Pkwy, Ste. 200
South Jordan, UT 84009

Legend Advance Florida
800 Brickell Avenue, Suite 902
Miami, FL 33131
collections@legendfunding.com

Nexi
20803 Biscayne Blvd., #401
Aventura, FL 33180
accounting@gonexi.com

On Deck Capital
Attn: Customer Service Inquiry
4700 W. Daybreak Pkwy., #200
South Jordan, UT 84009
customerservice@ondeck.com

PDM Capital
2433 Knapp St., Suite 203
Brooklyn, NY 11235
info@pdmcapital.com

Performance Food Group
12500 West Creek Parkway
Richmond, VA 23238
Patti.Hoffman@pfgc.com

Seafood Merchants
900 Forest Edge Drive
Vernon Hills, IL 60061

Stripe
185 Berry Street
San Francisco, CA 94107
support@stripe.com

Sysco Food Services
1390 Enclave Parkway
Houston, TX 77077
customer@sysco.com

Turano Baking
6501 W. Roosevelt Road
Berwyn, IL 60402
srodriguez@turano.com

Van Lang
5227 Dansher Road
La Grange, IL 60525
info@vanlangfoods.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 26- 00903 |
| Firehouse Grill Inc. ) | |
| ) | Hon. Michael B. Slade |
| Debtor/Debtor-in-Possession. ) | |
| ) | Subchapter V Chapter 11 |

**AMENDED EMERGENCY MOTION FOR AUTHORITY TO USE**
**CASH COLLATERAL AND FOR RELATED RELIEF**

Firehouse Grill Inc. ("Firehouse") an Illinois corporation, debtor/debtor-in-possession, ("Debtor") herein, by and through its attorneys, makes its Amended Emergency Motion pursuant to Section 363 of the Bankruptcy Code, Rules 4001(b), and Rule 9011 of the Federal Rules of Bankruptcy Procedure and Rules 4001-2 and 9013-2 of the Local Rules of this Court for Authority to Use Cash Collateral and for Related Relief; and in support thereof, states as follows:

**Introduction**

1. On January 20, 2026, the Debtor filed its voluntary petition for relief under Subchapter V Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor is operating its business and managing its financial affairs as debtor-in-possession. No trustee, examiner or Official Committee of Unsecured Creditors has been appointed in this Chapter 11 case.

3. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by Newtek Bank and the Small Business Administration (the

-2-

"Secured Creditors")  In this case, the Secured Creditors' cash collateral consists of cash and inventory.

4.     The Debtor is one of six related entities which have simultaneously filed chapter 11 cases. The related entities consist of four (4) operating restaurants and two (2) single asset real estate entities from which two of the restaurant debtors operate. Each of the entities is owned and/or controlled by George Patrick Fowler ("Fowler"). The Debtor intends to move for joint administration of the cases, and possibly substantive consolidation, due to common ownership, common creditors and multiple intercompany transactions.    Fowler is the sole shareholder and president of the Debtor.  The related entities are as follows:

       A.     Josephines Restaurant Inc.

       B      Station Two, LLC

       C.     Vivians Restaurant Inc.

       D.     1932 Central LLC

       E.     7452 N. Western Inc.

(the "Related Entities").

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

6.     This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

7.     The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rules 4001(b) and 9011 of the Federal Rules of Bankruptcy Procedure and Rules 4001-2 and 9013(2) of the Local Rules of this Court.

-3-

**Relevant Factual Background**

8. The Debtor is an Illinois corporation which operates as a full-service restaurant, and is located at 750 Chicago Ave., Evanston, Illinois

9. The Debtor has forty-eight (48) employees.

10. The Debtor's Chapter 11 case was filed due to increased foods costs, necessitating the Debtor to enter into high interest, frequent payment loans through merchant cash advance creditors. The Debtor has also experienced a post-Covid downturn in revenue. .

11. Fowler is the sole shareholder of the Debtor.

12. On the Petition Date, cash collateral consisting of cash and inventory (liquor, food and supplies), totaled as follows: a) cash $60,000; and b) inventory $43,000.

13. Upon information and belief, Newtek is owed approximately $1,247,000.00 and the Small Business Administration is owed approximately $1,927,000

**Use of Cash Collateral**

14. In order for the Debtor to continue to operate its business and manage its financial affairs and effectuate an effective plan, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A) Purchase of Inventory;

B) Labor;

C) Insurance;

D) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** is the Debtor's 30-day monthly cash flow projections (the "Budget"). The Budget itemizes the Debtor's cash needs during the relevant period.

15.     Use of cash collateral to pay the actual, necessary and ordinary expenses to operate the Debtor's business, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

16.     The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Secured Creditors assert an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and will adequately protect the purported secured interests of the Secured Creditors.

17.     Unless the Debtor is authorized to use cash collateral in which the Secured Creditors assert an interest, on an emergency basis, the Debtor will be unable to continue to operate its business, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

18.     The Debtor proposes to use cash collateral and provide adequate protection to the Secured Creditors upon the following terms and conditions:[1]

A.      The Debtor will permit the Secured Creditors to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

B.      The Debtor shall maintain and pay premiums for insurance to cover the collateral from fire, theft and water damage, as well as worker's compensation;

---

[1] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of the Bankruptcy Court for the Northern District of Illinois are necessary.

C.   The Debtor shall, upon reasonable request, make available to the Secured Creditors evidence of that which purportedly constitutes its collateral or proceeds;

D.   The Debtor will properly maintain the collateral in good repair; and

E.   The Secured Creditors are granted a replacement post-petition lien attaching to the collateral, but only to the extent of their pre-petition liens.

19.   Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on **Exhibit A** to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed to by the Secured Creditors, or upon further Order of this Court.

20.   Notice of this Motion has been sent to the Office of the United States Trustee, the secured creditors and the twenty largest unsecured creditors.

### Conclusion

21.   The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

22.   The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses resulting in immediate and irreparable harm and loss to the estate.

23.   For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, Firehouse Grill Inc., an Illinois corporation, debtor/debtor-in-possession herein, prays for the entry of an Order as follows:

    A.    Authorizing the Debtor to use cash collateral in which Newtek Bank and the Small Business Administration assert a lien, upon the terms and conditions set forth in this Motion, until further Order of this Court;

    B.    Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

    C.    Setting a final hearing on this Motion;

    D.    Granting such other relief as this Court deems just and appropriate

Respectfully submitted,
Firehouse Grill Inc.

By: /s/Scott R. Clar
One of its attorneys

**DEBTOR'S COUNSEL**:
Scott R. Clar   (Atty. No. 06183741)
Crane, Simon, Clar & Goodman
135 South LaSalle Street, Suite 3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com